HEIRS OF ARRARÁS, PLAINTIFFS AND APPELLEES, *v.* FIGUEROA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in a Possessory Action.

No. 2742.—Decided April 2, 1923.

REVENDICATION— POSSESSION— OWNERSHIP— EVIDENCE. — The evidence showing that the plaintiffs had until recently been in possession as owners of the property claimed, and the defendants, who entered it and committed acts of ownership, having produced no title of ownership, it is not necessary to ascertain whether or not the title of the plaintiffs is perfect, and the judgment rendered for the plaintiffs by the district court should be affirmed.

ID.—ID.—COSTS.—Notwithstanding the fact that the entire prayer of the complaint was not granted, considering the acts of actual trespass committed by the defendants, the allowance of costs was proper.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellants.

*Messrs. Benet & Souffront* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Alleging that they were the owners of a certain rural property and had been disturbed in the physical possession of it by the defendants, the plaintiffs brought this action and prayed for a judgment acknowledging their rights and ordering the defendants to vacate the property and leave it

at the free disposal of the owners, paying the plaintiffs the sum of $600 for the products wrongfully received.

The defendants answered with a general denial of all of the allegations of the complaint and alleged the following:

"(*a*) The mercantile firm of Diez & Arrarás never had any title to the property described in the complaint.

"(*b*) Dominion title to the property of which defendant Francisca Rosado is in possession in the Playa ward is recorded in her name in the Registry of Property of Mayagüez at page 192 of volume 27 of Añasco, property No. 1239, first record."

The case was brought to trial, the evidence was examined and the court rendered judgment as prayed for by the plaintiffs, with the exception of the amount claimed by them for the products wrongfully received. The defendants took the present appeal and allege that the trial court erred in weighing the evidence and in imposing upon them the costs.

We have considered the evidence carefully and it shows that the property in question was acquired by Antonio Diez about the year 1888 by purchase from Gaspar Rivera. Diez sold it to Balbina Yaque. Yaque lived on it for some time, but having been unable to pay for it, she returned it to Diez, who was then a member of the firm of Diez & Arrarás, and it became the property of the said firm. The firm having been dissolved by a deed of July 12, 1905, the property was allotted to Arrarás, one of its members, and when Arrarás died in 1916 the property passed to his heirs, the plaintiffs.

There is one fact which is the cause of some confusion. In the original sale to Diez and in the allotment to Arrarás the property is mentioned as a property of one acre. The property in fact has an area of 4.71 acres. It is bounded by the seashore and an inlet, and it is contended that the excess has been formed by accretion. But considering the position assumed by the defendants in the case, this fact can in no manner favor them. The property, with its pres-

ent area, was held peaceably by the plaintiffs and their predecessors who planted thereon coconut palms and fruit trees, and as the defendants have no title adverse to this, they are obliged to respect the possession of the plaintiffs.

The plaintiffs also proved that about four years before defendants Manuel, Guillermo, Angel and Eduardo Figueroa and Dionisio Nieto destroyed the hedge marking the boundary line of the property, entered the property, built a small house on it, gathered the coconuts and appropriated them. The evidence does not show a total despoliation of the property, but does show a usurpation of the right of ownership continued for more than a year, the defendants entering the property and appropriating its products. A controversy exists and has been ventilated fully in an ordinary action, so that in deciding it definitely the district court acted correctly.

We agree with the appellants that it was not fully shown that any act was committed by defendant Francisca Rosado which would justify the judgment against her. There is only the testimony of the caretaker of the property, Victoriano Guzmán, to which objection was made by counsel for the defendants, in reply to a question by the plaintiff's attorney, as follows:

"I went to see what was the matter and why they were destroying the hedge and had intruded upon the property, and they told me that they had entered it with Francisca Rosado's permission."

That statement may be a reflection of the whole truth in this case, but alone it is not sufficient to justify a judgment against Francisca Rosado.

We have already shown how the defendants answered. At the trial they only offered in evidence an order of the district court declaring the ownership of one and a half acres of land in favor of Francisca Rosado. It was not shown that that parcel of land was within the boundaries

of the land claimed as theirs by the plaintiffs and held by them in the manner indicated. The defendants denied having committed the acts of trespass on the property and the appropriation of its products as alleged in the complaint. They did not contend that they entered the property in question and took its products because they were the owners or with the permission of its owner.

As regards the costs, we will say that considering the acts of actual trespass committed by the defendants, excluding defendant Rosado, the judgment seems to us to be entirely just, nothwithstanding the fact that it did not allow all of the relief sought.

It is well to say that although Eduardo Figueroa was eliminated as a defendant at the commencement of the trial, he still appears as such in the title of the case.

By virtue of the foregoing the judgment appealed from must be affirmed as to defendants Manuel, Guillermo and Angel Figueroa and Dionisio Nieto and reversed as to defendant Francisca Rosado.

*Affirmed in part.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.